791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARIAN EVANS, Plaintiff-Appellant
v.
HOSPITAL CORPORATION OF AMERICA and PARTRIDGE HOSPITAL,
Defendants-Appellees.
 85-5570
 United States Court of Appeals, Sixth Circuit.
 4/4/86
 
 AFFIRMED
 E.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: MARTIN and GUY, Circuit Judges; and REED,* District Judge.
 PER CURIAM.
 
 
 1
 This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., and the Tennessee Fair Employment Practices Act, Tenn. Code Ann. Sec. 4-21-101, et seq. Marian Evans alleges she was discharged by her employer, Hospital Corporation of America, operator of Parkridge Hospital because of her race. The case was tried on April 22, 1985 before a magistrate in the Eastern District of Tennessee. Findings of fact and conclusions of law were entered to the effect, that while plaintiff had demonstrated a prima facie case of discrimination, the employer had rebutted the prima facie case by showing valid, nondiscriminatory reasons for discharge, and the reasons were not pretextual.
 
 
 2
 Here, Mrs. Evans makes several assignments of error. First, she claims the court abused its discretion in refusing evidence of comparable instances of discrimination involving other individuals employed by the defendants. Second, she claims the court erred in failing to consider the evidence of racial slurs in its analysis of whether the employers' nondiscriminatory reasons for discharge were pretextual. Finally, she argues that the trial court's conclusion that pretext had not been proven was not legally sufficient.
 
 
 3
 Whether the court abused its discretion in refusing evidence of comparable instances of discrimination is a question of legal relevancy. Plaintiff has taken the position that her own testimony, regarding allegedly discriminatory treatment of other employees, was relevant as to the issue of pretext, even though that testimony was given as the plaintiff was making out her prima facie case. We acknowledge that there is authority to support this proposition, and that testimony may be admissible for this purpose. See Lieberman v. Grant, 630 F.2d 60, 65-66 n.8 (2d Cir. 1980); Worthy v. U. S. Steel Corp., 616 F.2d 698, 701 (3d Cir. 1980). However, we cannot find error in the present case because she made no offer of proof of the substance of what her testimony would have been had the defendants' objection not been sustained. The transcript reveals only the following:
 
 
 4
 Q. Did Theresa Fugate and Rosie Russell work in emergency center at that time.
 
 
 5
 A. Yes, they worked second shift.
 
 
 6
 Q. Do you recall an incident concerning them and --
 
 
 7
 Although plaintiff requested and received permission to brief the issue, at no point did she make an offer of proof or otherwise advise the lower court of what the substance of her testimony would have been. In rebuttal, she did not pursue her opportunity to introduce testimony concerning discrimination allegedly suffered by Fugate and Russell. Under Fed. R. of Evid. 103(a)(2)[1] error may not be predicated on the lower court's ruling on this evidentiary matter. See also Waltzer v. Transidyne General Corp., 697 F.2d 130, 134 (6th Cir. 1983).
 
 
 8
 The next question we deal with is whether the court in its pretext analysis failed to consider evidence of racial slurs made by supervisors employed by the defendants. In finding that the plaintiff had failed to satisfy her burden of proving that the reasons for her termination were pretextual, the court expressly stated that its decision would have been different, if it had believed the allegations that supervisors Sheldon and Branam harbored the racially motivated beliefs attributed to them by the plaintiff and her witnesses. These findings are the result of credibility assessments made by the court and are not to be disturbed unless they are clearly erroneous. See Gadby v. Kentucky Resources Corp., 640 F.2d 831, 834 (6th Cir. 1981). The court, after hearing all of the evidence and observing the demeanor of the witnesses, discredited the testimony of plaintiff and her witnesses about racial slurs, finding that the supervisors and other witnesses for the defendants had presented credible and reliable testimony, demonstrating that such slurs had not been made. Based on this, we cannot say the court's finding was clearly erroneous.
 
 
 9
 Our last concern in this case is whether the lower court's conclusion that pretext had not been proven was legally sufficient. Plaintiff asserts that the findings of the lower court are insufficient because the testimony of one of her witnesses was not specifically discredited. Such specificity is not required to make the findings and conclusions sound. See Graves Hill Grain Co. v. Baughman-Oster, Inc., 728 F.2d 784, 793 (6th Cir. 1984). And, as the Notes of the Advisory Committee on the 1946 Amendment to Rule 52(a) state, 'the judge need only make, brief, definite pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.' Thus, plaintiff's assertion is without merit.
 
 
 10
 The decision of the district court is affirmed.
 
 
 
 *
 Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Fed. R. of Evid. 103(a)(2) provides:
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer [of proof] or was apparent from the context within which questions were asked.